Strafford,
Feb. 6, 1951. } No. 3999.

STATE *v.* GEORGE McGLONE.

*Alfred Catalfo*, County Solicitor, for the State, filed no brief.

*James M. Jackson*, for the defendant, filed no brief.

Kenison, J. The question whether it is lawful for a person to operate a vehicle in this state without a New Hampshire license when his Connecticut license has already expired logically demands a negative answer. However the defendant maintains that he was entitled to operate vehicles in this state until his next birthday by virtue of Laws 1949, *c*. 170. This statute is an amendment to R. L., *c*. 117, *s*. 8, and the pertinent part reads as follows: "All licenses to operate a motor vehicle which expire on March 31, 1950 shall continue in full force, effect and validity until the anniversary of the date of birth of the license holder next following the date of March 31, 1950. . . . "

For more than a decade motor vehicle licenses in New Hampshire have expired "on March thirty-first next following the date of their issue." R. L., *c*. 117, *s*. 8. When the 1949 Legislature extended this period until the anniversary of the date of birth of the license holder, the obvious intent was to limit it to licenses issued in this state. Considering the great diversity of the expiration dates of motor vehicle

450

licenses in other states, it cannot be assumed that the 1949 amendment was to be applied only to those other states which issue licenses "which expire on March 31, 1950." Even if this unlikely assumption was made in the present case, it would be of no benefit to the defendant since his Connecticut license did not expire on that date. Consequently the 1949 amendment is not to be construed as affecting or extending the expiration dates of licenses issued in other states. It is a general rule of statutory construction that statutes are not intended to have any extraterritorial effect. *Merrill* v. *Railroad*, 63 N. H. 259, 265; *Ross* v. *Eaton*, 90 N. H. 271, 272. The defendant's Connecticut license by its express terms had expired prior to the date of the alleged offense of May 4, 1950 (Conn. General Statutes (1949), c. 110, s. 2381) and was not extended by Laws 1949, c. 170. 1 Blashfield (*Perm. ed.*) Part 1, Cyc. of Automobile Law and Practice, s. 288.

The minimum requirements for the operation of a vehicle in this state are that the operator shall be licensed either in New Hampshire or the foreign state. R. L., c. 117, ss. 1, 13, 14, as amended. Since the defendant has complied with neither requirement, the motion to dismiss the complaint was properly denied and the order is

*Exception overruled.*

All concurred.